Strafford
No. 80-085

RICHARD P. MOORE *& a.*

v.

THE CITY OF ROCHESTER *& a.*

March 6, 1981

*Calderwood, Ouellette, Hallisey & Dibble, of Dover (William L. Tanguay* on the brief and orally), for the plaintiffs.

*Anthony T. Coraine,* of Rochester, by brief and orally, for the defendants.

PER CURIAM. This is an appeal from the Strafford County Superior Court's (*Mullavey,* J.) reversal of the Rochester Zoning Board of Adjustment's grant of a variance to Dr. Joseph F. deNatale. We affirm the decision.

The defendant Dr. Joseph F. deNatale is the owner of two adjacent tracts of land in a residential district of Rochester. Originally, Dr. deNatale conducted his medical practice from his home on one of the tracts, a permitted use in a residential zone. He later purchased the single-family home next door, and applied for a variance in order to move his practice from his residence to the newly-acquired building. After a hearing, the Rochester Zoning Board of Adjustment granted the variance. The plaintiffs, abutters and neighbors, filed a motion for rehearing, which was denied. They then appealed to the Strafford County Superior Court, which overturned the grant of the variance. The defendant deNatale's motion to set aside the verdict and for a new trial was denied, and he appealed to this court.

The purpose of a variance is to prevent a zoning ordinance from becoming overly oppressive or confiscatory. *Ouimette v. City of Somersworth,* 119 N.H. 292, 294, 402 A.2d 159, 161 (1979). To obtain a variance certain conditions must be met:

> "1) no diminution in value of surrounding properties would be suffered; 2) granting the permit would be of benefit to the public interest; 3) denial of the permit would result in unnecessary hardship to the owner seeking it; 4) granting the permit would do substantial justice; 5) the use must not be contrary to the spirit of the ordinance."

*Id.; Carbonneau v. Town of Exeter,* 119 N.H. 259, 262, 401 A.2d 675, 677 (1979); *Gelinas v. Portsmouth,* 97 N.H. 248, 250, 85 A.2d 896, 898 (1952); *see* RSA 31:72 III.

Under RSA 31:78 (Supp. 1979), then in effect, a zoning board's determination cannot be overturned unless it is established that the order is unlawful or the court "is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." We are persuaded, on the evidence before us, that the superior court was not in error in concluding that the zoning board's grant of the variance was unreasonable in light of the fact that Dr. deNatale has not shown the requisite unnecessary hardship.

■■ It is well established that " '[i]t is not uniqueness of the plight of the owner, but uniqueness of the land causing the plight that is the criterion' for unnecessary hardship." *Rowe v. Town of Salem,* 119 N.H. 505, 507, 403 A.2d 428, 429 (1979), *quoting Carbonneau v. Town of Exeter, supra* at 263, 401 A.2d at 677. In determining whether a variance should be granted, it is irrelevant that the land cannot be used for a particular purpose. *Rowe v. Town of Salem supra; Ouimette v. City of Somersworth, supra* at 295, 402 A.2d at 161 (1979). Dr. deNatale has failed to demonstrate any special characteristics that would distinguish his particular land from the surrounding properties. Any hardship he claims he will suffer concerns growth of his medical practice, which is a personal economic hardship, not one attributed to the property. Absent any showing of hardship due to the uniqueness of the property, the variance should not have been granted.

*Affirmed.*