Merrimack
No. 82-015

# U–Haul Company of New Hampshire & Vermont, Inc.

### v.

## City of Concord

October 14, 1982

*Branch & Greenhalge P.A.*, of Concord (*Robert D. Branch* on the brief), by brief for the plaintiff.

*Paul F. Cavanaugh*, city solicitor, of Concord, by brief and orally, for the defendant.

KING, C.J. The defendant, City of Concord, appeals from a decree entered for the plaintiff, U-Haul Company of New Hampshire & Vermont (U-Haul), by the Superior Court (*Cann*, J.) in accordance with the recommendation of a Master (*Mayland H. Morse, Jr.*, Esq.). The trial court held that the denial of the plaintiff's petition for a variance by the Concord Zoning Adjustment Board (board) should be overturned as unreasonable. We affirm.

In May 1980, the board granted U-Haul a variance to convert a building located at 26 Stickney Avenue in the City of Concord to accommodate storage lockers to be used in connection with U-Haul's proposed trailer rental business which was to be operated at that location. The board also granted U-Haul a special exception to install two underground fuel storage tanks and a pump. The property is located in an area zoned as a "general business district."

Following the board's action, U-Haul then purchased the property and began to convert the building to suit its particular needs. During construction, a city building inspector noticed that U-Haul was constructing an apartment in the building. He notified U-Haul that the building could not include a dwelling unit unless U-Haul obtained a variance.

U-Haul applied to the board for a variance to permit part of the building to be used as a dwelling unit for a resident manager. The board denied U-Haul's application for a variance and also denied its motion for a rehearing. U-Haul appealed to the superior court. At a hearing before the master, U-Haul introduced evidence that a resident manager was necessary both to prevent vandalism and theft and because the plaintiff's twenty-four-hours-a-day business required a resident manager. The master recommended that the board's decision be overturned, stating that the denial of the variance was unreasonable. The superior court entered a decree in accordance with the master's recommendation, and the defendant appeals.

RSA 31:78 (Supp. 1981) places the burden on the party seeking to overturn the decision of a zoning board of adjustment to demonstrate that the board's decision was unreasonable. In the

present case, U-Haul had to show that the board's decision was unreasonable by the balance of the probabilities. *Burke v. Town of Jaffrey*, 122 N.H. 510, 446 A.2d 1169 (1982); *Belanger v. City of Nashua*, 121 N.H. 389, 430 A.2d 166 (1981).

■ To obtain a variance certain conditions must be met. The plaintiff must show that:

> "(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) granting the permit would do substantial justice; (5) the use must not be contrary to the spirit of the ordinance."

*Moore v. City of Rochester*, 121 N.H. 100, 101, 427 A.2d 10, 11 (1981).

In the present case, the master noted that no objection to the plaintiff's proposed variance was made by surrounding property owners. This is some indication that a variance would not result in diminution in value of the surrounding property. The master found that the variance would be of benefit to the public interest because the presence of a manager on the premises could serve to reduce vandalism and theft.

■ The defendant's main argument is that denial of the variance would not result in unnecessary hardship to the plaintiff. A hardship exists only if the ordinance unduly restricts the use of the land due to special conditions unique to that particular parcel of land. *Assoc. Home Util's, Inc. v. Town of Bedford*, 120 N.H. 812, 817, 424 A.2d 186, 189–90 (1980). The hardship must relate to the special character of the land, not to the personal circumstances of the landowner. No variance may be granted unless there are special conditions distinguishing a parcel from others in the area. *Id.*

We agree with the master that the denial of the variance would result in unnecessary hardship to U-Haul. The location and characteristics of the property involved create greater security requirements for the property than for other property in the area because the parcel of land and building is less central to downtown Concord, less populated and obviously less serviced by law enforcement patrols. This hardship arises from the uniqueness of the building and the land itself.

The granting of the variance would do substantial justice. As the master noted, multi-family dwellings are permitted in an area zoned as a general business district, and the presence of one apartment for a resident manager would have less of an impact on

the area than a permissible multi-family unit. For the same reason, the use would not be contrary to the spirit of the ordinance. In addition, we note that since the denial of the variance by the board, the ordinance in question has been amended to permit dwelling units for caretaking or security personnel in storage buildings located in a general business district upon the granting of a special exception.

For the foregoing reasons, we find that the board's denial of the variance was unreasonable, and we affirm the decree of the superior court.

*Affirmed.*

All concurred.