Merrimack
No. 82-235

PHILIP RICHARDSON & a.

v.

TOWN OF SALISBURY

January 26, 1983

94

*Perkins, Upshall & Robinson,* of Concord (*Kenneth L. Robinson, Jr.,* on the brief and orally), for the plaintiffs.

*Wescott, Millham & Dyer,* of Laconia (*Roger G. Burlingame* on the brief and orally), for the defendant.

BOIS, J. The defendant town appeals from a Superior Court (*Cann,* J.) order approving a Master's (*Walter L. Murphy,* Esq.) recommendation to overturn the town's denial of the plaintiffs' petition for a zoning variance. We reverse.

At the beginning of 1979, the plaintiffs, Philip and Brenda Richardson, purchased a parcel of land in the town of Salisbury, in

an area zoned for residential and agricultural use. They intended to use the land for storing and repairing old cars, and they immediately moved several vehicles onto the property. Mr. Richardson testified that they never inquired about the applicable zoning regulations when they bought the land.

In June 1979, the plaintiffs received a letter from the Salisbury Board of Selectmen, informing them that the town was responsible for enforcing certain State regulations governing the storage of junk material and that they would have to comply with those regulations. In response to the letter, Mr. Richardson contacted the selectmen, who referred him to the chairman of the zoning board of adjustment. The chairman of the zoning board told Mr. Richardson that the plaintiffs would have to request a hearing on the proposed use of the property, notify the abutters, and pay a filing fee. He gave him an application for a zoning variance and a copy of the town zoning ordinance.

Shortly thereafter, Mr. Richardson filed the application for a variance, and a hearing was held before the zoning board of adjustment in August 1979. The board members viewed the land in question, and three letters in opposition to the variance were read. Later that month, the zoning board notified the plaintiffs in writing that their application had been denied. In the section entitled "reasons," the notice cited provisions from the zoning ordinance regarding permitted and non-conforming uses, and further stated that access to the property was insufficient.

The plaintiffs subsequently began construction of a second driveway on their land and filed an application for a rehearing on the zoning board's decision. The board granted a rehearing, but again denied the plaintiffs' petition. In support of its decision, the board specifically found: that the plaintiffs had failed to demonstrate unnecessary hardship because the land could be used in the same manner as any other parcel in the district; that the granting of the variance would violate the spirit of the zoning ordinance and adversely affect abutters' properties; and that the plaintiffs could have avoided any resulting injustice if they had waited for the board's decision before starting their junkyard business.

The plaintiffs appealed the zoning board's decision to superior court. Following a view of the premises and a hearing, the master ruled that the zoning board's findings were erroneous and recommended that the variance be granted. The superior court approved this recommendation and entered a decree accordingly. The Town then appealed to this court, claiming that the master erred in ruling that the denial of the variance was unreasonable.

■ ■ We start by noting the somewhat limited standard of review to be applied by the trial court in these matters. The factual findings of a zoning board of adjustment are deemed *prima facie* lawful and reasonable on appeal. RSA 31:78 (Supp. 1981); *see Burke v. Town of Jaffrey*, 122 N.H. 510, 513, 446 A.2d 1169, 1171 (1982). The board's denial of a variance must stand unless the trial court finds by the balance of probabilities, on the evidence before it, that the decision was unlawful or unreasonable. RSA 31:78 (Supp. 1981); *see Colby v. Town of Rye*, 122 N.H. 991, 992, 453 A.2d 1270, 1271 (1982); *U-Haul Co. of N.H. & Vt. v. City of Concord*, 122 N.H. 910, 911, 451 A.2d 1315, 1317 (1982).

■ ■ In order to obtain a variance, an applicant must satisfy five conditions, including the requirement that the "denial of the permit would result in unnecessary hardship to the owner seeking it." *Id.*, 451 A.2d at 1317 (ultimately quoting *Gelinas v. Portsmouth*, 97 N.H. 248, 250, 85 A.2d 896, 898 (1952)). We have defined unnecessary hardship as follows:

> "A hardship exists only if due to special conditions unique to a particular parcel of land, the ordinance unduly restricts the use to which the land may be put. . . . The hardship must relate to the special character of the land rather than to the personal circumstances of the landowner."

*Assoc. Home Util's, Inc. v. Town of Bedford*, 120 N.H. 812, 817, 424 A.2d 186, 189–90 (1980) (citations omitted); *see Ouimette v. City of Somersworth*, 119 N.H. 292, 295, 402 A.2d 159, 162 (1979).

In this case, the master found that the plaintiffs' parcel was unique in its frontage and depth. He stated that an unnecessary hardship existed because the denial of the variance "would impose an arbitrary and confiscatory restriction of the plaintiffs' use of their property." He further found that unnecessary hardship would result because the plaintiffs acted in reliance upon representations by the selectmen that they would obtain town approval if they complied with the State regulations.

■ Even assuming, without deciding, that the property was unique in its frontage and depth, we find that the size of the parcel did not create any hardship or undue restriction as to its use. The record contains no evidence that the use of the property for residential or agricultural purposes, similar to those in the surrounding area, was hindered or precluded. To the contrary, Mr. Richardson's testimony indicated that such uses might be possible, and the plaintiffs' counsel admitted before this court that the land could be used in the same ways as the neighboring land. Certainly, in view of the evi-

dence introduced and the applicable standard of review, the master had no basis for overturning the board's conclusion that the zoning ordinance did not affect the plaintiffs' land any differently than the neighboring parcels. *See Carbonneau v. Town of Exeter,* 119 N.H. 259, 263, 401 A.2d 675, 678 (1979).

█ The master also erred in finding that unnecessary hardship resulted from the plaintiffs' reliance upon representations by the selectmen. This finding disregards the principle that hardship relates to the special character of the *land,* not to the circumstances of the *owner. See Assoc. Home Util's, Inc. v. Town of Bedford,* 120 N.H. at 817, 424 A.2d at 190. Even assuming that the court could apply an estoppel theory, as distinguished from the unnecessary hardship rationale, the evidence would not support the master's conclusion that the plaintiffs reasonably relied upon representations made by the selectmen. The record shows that the plaintiffs initially brought vehicles onto the property without inquiring about the zoning regulations. In addition, although Mr. Richardson may have misunderstood the nature of the zoning requirements, the evidence reveals that he should have known that he had to prove at the August 1979 zoning hearing that a variance was necessary. The selectmen never indicated otherwise. Thus, the subsequent action by the plaintiffs did not result from reasonable reliance on any statements by the selectmen.

█ Because we conclude that the master erred in finding unnecessary hardship, we need not review his other rulings. We hold that the zoning board reasonably found that no unnecessary hardship existed and that the trial court should have upheld the denial of the variance on this basis.

*Reversed.*

BROCK, J., did not sit; the others concurred.