Hillsborough
No. 82-260

WILLIAM RYAN & a.

v.

CITY OF MANCHESTER
ZONING BOARD OF ADJUSTMENT & a.

March 24, 1983

*James M. Winston,* of Manchester, by brief and orally, for the plaintiffs.

*James J. Barry, Jr.,* of Manchester, by brief and orally, for the defendants Elizabeth Karoutsos and George Karoutsos.

*Elmer T. Bourque,* city solicitor (joining in the brief of the defendants Elizabeth Karoutsos and George Karoutsos), for the defendant City of Manchester Zoning Board of Adjustment.

KING, C.J. The defendants Elizabeth and George Karoutsos appeal a Superior Court (*Goode,* J.) order setting aside the decision of the defendant City of Manchester Zoning Board of Adjustment (board) granting Mr. and Mrs. Karoutsos a variance. We affirm.

In October 1976, Mr. and Mrs. Karoutsos purchased a single-family home on Cotter Court in Manchester. Because Mrs. Karoutsos had been ill and could not work outside the home, she applied in January 1977 to the board for a variance so that she could operate a beauty salon in the basement of her home. The application was opposed by the plaintiffs, William Ryan and Frances Ryan, who live directly across the street from the Karoutsos' residence. The defendant's application was denied by the board in March 1977, and her request for rehearing was also denied. Mrs. Karoutsos appealed the denial of her application to the superior court.

While the appeal was pending, Mrs. Karoutsos filed another application for a variance to permit her to operate a beauty salon in her basement. In November 1980, the board denied this application. Mrs. Karoutsos' petition for rehearing was also denied.

In May 1981, counsel for the board and counsel for Mrs. Karoutsos filed a joint motion in superior court regarding Mrs. Karoutsos' appeal from the denial of her first application for a variance. They asked that the case be remanded to the board for a rehearing. The Superior Court (*Flynn,* J.) granted the motion. The board granted Mrs. Karoutsos a variance on rehearing, and the plaintiffs appealed this decision to the superior court. After a hearing, the Superior Court (*Goode,* J.) set aside the variance. He held that the board erred in granting the variance because enforcement of the zoning ordinance would result in no unnecessary hardship to Mr. and Mrs. Karoutsos. He further held that the granting of the variance was erroneous because the issue was *res judicata* after Mrs. Karoutsos' second application for a variance was denied. Mr. and Mrs. Karoutsos' motion to set aside the verdict was denied, and they appealed.

The defendants claim that the plaintiffs failed to show that the decision of the board was "unreasonable or unlawful," as required by RSA 31:78 (Supp. 1981) in order to have a decision of a zoning board of adjustment set aside. We hold that the plaintiffs met their burden of proof.

■■ "The purpose of a variance is to prevent a zoning ordinance from becoming overly oppressive or confiscatory." *Moore v. City of Rochester*, 121 N.H. 100, 101, 427 A.2d 10, 11 (1981). To obtain a variance, the applicant must show:

> "(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) granting the permit would do substantial justice; (5) the use must not be contrary to the spirit of the ordinance."

*U-Haul Co. of N.H. & Vt., Inc. v. City of Concord*, 122 N.H. 910, 912, 451 A.2d 1315, 1317 (1982) (quoting *Moore v. City of Rochester*, 121 N.H. at 101, 427 A.2d at 11).

■ In challenging an order of a zoning board of adjustment, the plaintiff must persuade the court that the order or decision is unreasonable or unlawful. RSA 31:78 (Supp. 1981). In such an appeal, all findings of the board upon all questions of fact properly before it "shall be deemed to be prima facie lawful and reasonable." *Id.* We have no record of the board's proceedings to review in order to determine whether its decision to grant a variance was reasonable. In the absence of such a record, this court must rely upon the record before the superior court to determine the validity of the actions taken by the superior court and the board. *Fisher v. City of Dover*, 120 N.H. 187, 191, 412 A.2d 1024, 1027 (1980). Our review of this record indicates that the trial court correctly found that the board erred in granting the variance, because Mrs. Karoutsos failed to show the requisite unnecessary hardship.

■■ It is well established that a hardship exists only if the ordinance unduly restricts the use of the land due to special conditions unique to that particular parcel of land. *Richardson v. Town of Salisbury*, 123 N.H. 93, 96, 455 A.2d 1059, 1061 (1983); *U-Haul Co. of N.H. & Vt., Inc. v. City of Concord*, 122 N.H. at 912, 451 A.2d at 1317. The hardship must arise from a special condition of the land which distinguishes it from other land in the same area with respect to the suitability for the use for which it is zoned. *Richard-*

*son v. Town of Salisbury,* 123 N.H. at 96, 455 A.2d at 1062; *Carbonneau v. Town of Exeter,* 119 N.H. 259, 262, 401 A.2d 675, 677 (1979). A hardship does not exist if it relates to the personal circumstances of the landowner. *U-Haul Co. of N.H. & Vt., Inc. v. City of Concord,* 122 N.H. at 912, 451 A.2d at 1317.

Thus, it is clear that Mrs. Karoutsos' illness cannot be the basis for a finding of hardship. Mr. and Mrs. Karoutsos also contend that the presence of a four-car parking area on the property is a special condition which distinguishes it from other land in the area. While it may be true that other homes in the area do not have four-car parking areas, the presence of the parking area does not make the land less suitable for residential use than other land in the area. Mrs. Karoutsos testified that she, her husband, and her son each had a vehicle which was often parked on the property. This indicates that the parking area was used in connection with their residence on the property. We note that the presence of the parking area has not affected the Karoutsos' residential use of the property. In fact, they use their home as a residence, and apparently plan to continue to use it as their home. Furthermore, even if the parking area somehow made the land less suitable for residential use, a finding of hardship would not be justified, because the Karoutsos' concede that they constructed the parking area themselves after purchasing the property.

■ Even if we were to hold that the parking area constituted a special condition justifying a finding of hardship, the hardship would be due to the defendants' own actions. We therefore hold that the plaintiffs met their burden of showing that the board's decision was unreasonable.

Because of our resolution of this issue, we find it unnecessary to determine whether the granting of the variance was erroneous because the issue was *res judicata.*

*Affirmed.*

All concurred.