Belknap
No. 82-065
No. 82-075

GOVERNOR'S ISLAND CLUB, INC.

v.

TOWN OF GILFORD & a.

GLENN W. SUTTON, JR. & a.

v.

TOWN OF GILFORD & a.

October 28, 1983

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Eugene M. Van Loan, III*, on the brief and orally), for Governor's Island Club, Inc.

*Richard P. Brouillard*, of Laconia, for Glenn W. and Rita B. Sutton, joined in the brief of Governor's Island Club, Inc.

*Wescott, Millham & Dyer*, of Laconia (*Gary P. Westergren* on the brief and orally), for the defendant Robert Gagne, Trustee of Robert Gagne Realty Trust No. 4.

BROCK, J.   These are consolidated appeals from a decision of the Superior Court (*Cann,* J.) approving the recommendation of a Master (*Robert A. Carignan,* Esq.) that a variance granted by the Gilford Zoning Board of Adjustment to the defendant Robert Gagne, as Trustee of Robert Gagne Realty Trust No. 4, be affirmed.

Because we conclude that the zoning board and the trial court erred in their application of the "unnecessary hardship" standard in this case, we reverse.

On August 29, 1980, the Gagne trust (Gagne) purchased, by means of a single deed, two parcels of land on Governor's Island in Lake Winnipesaukee, in the town of Gilford. One parcel consists of shorefront land, located between the lake shore and a road known as Edgewater Drive. The parcel contains approximately 49,683 square feet and has a lake frontage of just over 300 feet. The second parcel (the "interior parcel") lies directly across Edgewater Drive from the shorefront parcel and contains approximately 70,150 square feet. Both the lake shore and Edgewater Drive run roughly north-south in this area, with the road to the west of the shoreline.

Although each of the two parcels once contained two lots, all the land conveyed to Gagne has been in common ownership since 1947. The shorefront parcel is taxed by the town of Gilford as one lot. It contains a single-family residence on its southern portion and a garage on its northern portion. The interior parcel is undeveloped, except for a tennis court.

In September 1980, Gagne applied to the Gilford Planning Board for a subdivision of his property. The Gilford Zoning Ordinance requires that every shorefront building lot on Governor's Island have a lake frontage of at least 150 feet and a total area of at least 30,000 square feet. In order to conform to the area requirement, Gagne proposed the creation of two shorefront lots; each would include a small portion of the interior parcel. Thus, both lots would straddle Edgewater Drive.

The previous policy of the planning board had been to allow such subdivisions. However, this court's decision in *Keene v. Town of Meredith*, 119 N.H. 379, 402 A.2d 166 (1979), led the Board to rule that property divided by a roadway owned by the town, and not by the property owner, could not be considered as one lot for the purpose of meeting lot area requirements. The effect of this ruling is that any proposal by Gagne to create two shorefront lots could involve only his shorefront parcel. This would entail creation of at least one substandard lot, which would only be possible if Gagne could obtain a zoning variance from the board of adjustment.

On November 14, 1980, Gagne applied for such a variance. He proposed to subdivide his shorefront parcel into two lots, each with 150 feet of lake frontage. The southern lot would contain 22,572 square feet, while the northern lot would have 27,111 square feet. Gagne also proposed that, as a condition of the variance, his interior parcel would be preserved as open space and could only be conveyed to an owner or abutter of the shorefront lots. Although Gagne in his

appearance before the board of adjustment questioned the planning board's interpretation of *Keene* and its bearing on the legal effect of the roadway, that issue is not before us in this appeal. Accordingly, we need not decide whether the board's interpretation of *Keene* was correct.

The board of adjustment granted the requested variance and affirmed its decision on rehearing, attaching the condition that Gagne's interior parcel be permanently dedicated as open space. The plaintiffs in these cases, the Governor's Island property owners' organization and abutters to the Gagne property, appealed the board's decision to the superior court. The master, after viewing the property and conducting a hearing, recommended affirmance of the board's decision, and the court approved the recommendation. These appeals followed.

■■ This court has adopted a five-part test for granting variances, based on RSA 31:72, III. The test was restated most recently in *Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 459 A.2d 244 (1983):

"To obtain a variance, the applicant must show:

'(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) granting the permit would do substantial justice; (5) the use must not be contrary to the spirit of the ordinance.'"

*Id.* at 173, 459 A.2d at 245 (quoting *U-Haul Co. of N.H. & Vt., Inc. v. City of Concord*, 122 N.H. 910, 912, 451 A.2d 1315, 1317 (1982)). A zoning board's decision based on this test is subject to limited judicial review. The board's findings of fact are "deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated, *except for errors of law*, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unreasonable." RSA 31:78 (Supp. 1981) (emphasis added).

The issue in this case is whether the board and the trial court committed an error of law when they determined that denial of the variance would result in unnecessary hardship to Gagne. That finding was not made expressly by the board, but the trial court ruled that it was implicit in the board's recital of the "unique" nature of Gagne's shorefront parcel. The board's decision alluded to the parcel's narrowness relative to adjoining lots, due to an indentation in

the shoreline; the fact that all zoning requirements except total area (frontage, setback, etc.) would be met by Gagne's proposal; and the existence of the interior parcel which would be dedicated to open space, and which earlier—before the planning board's ruling on the legal effect of the roadway—would have been available to meet minimum lot area requirements. The master concluded that, under these circumstances, the board could "reasonably find that denying the variance would impose an arbitrary and confiscatory restriction of the defendant's use of his land without any commensurate public or private advantage" and would result in unnecessary hardship. We disagree.

[3, 4] The concept of unnecessary hardship, as defined in our most recent decisions, is a narrow one. A hardship exists when an ordinance unduly restricts the use to which land may be put. "The hardship must arise from a special condition of the land which distinguishes it from other land in the same area *with respect to [its] suitability for the use for which it is zoned." Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 173, 459 A.2d 244, 245 (1983); *Carbonneau v. Town of Exeter*, 119 N.H. 259, 262, 401 A.2d 675, 677 (1979) (emphasis added). It is not enough that application of the ordinance may cause the landowner to suffer some financial loss. *St. Onge v. Concord*, 95 N.H. 306, 308, 63 A.2d 221, 223 (1949).

For hardship to exist under our test, the deprivation resulting from application of the ordinance must be so great as to effectively prevent the owner from making any reasonable use of the land. *See Assoc. Home Util's, Inc. v. Town of Bedford*, 120 N.H. 812, 817, 424 A.2d 186, 189–90 (1980). If the land is reasonably suitable for a permitted use, then there is no hardship and no ground for a variance, even if the other four parts of the five-part test have been met.

The land involved here fails to meet this test. It is undisputed that Gagne's shorefront parcel is entirely suitable for use as a residential lot; it has been so used at least since 1937. The zoning ordinance has the same effect on this parcel as it does on every other parcel smaller than 60,000 square feet; *viz.*, to render a subdivision of that parcel impermissible. Any resulting injustice is general, rather than specific, and if it is to be remedied, that must be done by way of an amendment to the zoning ordinance rather than by a variance.

The trial court's decree affirming the board's decision to grant a variance is vacated.

*Reversed.*

BATCHELDER and SOUTER, JJ., did not sit; the others concurred.