Rockingham
No. 85-355

ROBERT S. MUNGER, JR.

v.

TOWN OF EXETER

June 5, 1986

*Larson & Townsend P.A.*, of Londonderry (*David R. Connell* on the brief and orally), for the plaintiff.

*Engel & Morse P.A.*, of Exeter (*David C. Engel* on the brief and orally), for the defendant.

BATCHELDER, J.  This case arises from a land use dispute in the town of Exeter. The disputed property spawned earlier litigation, which we reviewed in *Carbonneau v. Town of Exeter*, 119 N.H. 259, 401 A.2d 675 (1979). In this appeal, the plaintiff challenges the Mas-

ter's (*Mayland H. Morse, Jr.,* Esq.) decision (approved by *Gray,* J.) upholding the re-zoning of the land from a residential to a commercial use. He claims that the zoning change constituted illegal spot zoning, and we agree.

J. Harold Carbonneau, the intervenor below, owns the disputed property, a one-half acre parcel located at the northwest corner of Front and Lincoln Streets. The town zoning ordinance, adopted in 1973, defined the Carbonneau neighborhood as "R-2," single-family residential. At that time, the property was nonconforming. It was used in part as a funeral parlor, taxi stand, and taxi dispatch center; in addition it contained Carbonneau's personal living quarters and four apartments.

The ordinance provides that in a district designated R-2 the permitted uses, as of right, are single-family dwellings, churches, public schools, public parks and playgrounds, libraries, and museums. Permitted uses, by special exception, are essential services (*e.g.*, utilities), two-to-four-family dwellings, health care facilities, private schools, open space development, expansions of nonconforming uses, and rooming and boarding houses in existing structures. Permitted accessory uses are private garages, customary home occupations and professional offices, and other uses customarily incidental to the principal use.

Exeter's zoning ordinance created a "C-1" central area commercial district in an area of commercial uses northerly and westerly of the Carbonneau neighborhood. The permitted uses in a C-1 district are retail and personal service establishments, professional offices, hotels, essential services, community buildings, social halls, clubs, lodges, and fraternal organizations.

When Exeter's ordinance was adopted, the Exeter Inn was the only nonconforming use in the R-2 district easterly of the subject premises on Front Street. A flower shop and some professional offices located northerly on Lincoln Street were also nonconforming. These nonconforming uses still exist. Property that contained a beauty shop in 1973, westerly of the subject premises on Front Street, has reverted to residential use. No variances have been granted for commercial use in the residential district in question since 1973. In 1976 Carbonneau applied to the Exeter Zoning Board of Adjustment for a variance to permit a heavier commercial use of his property. He wanted to add a beauty parlor and several apartments. The board denied the application. The superior court overturned the board, but we reversed on appeal. *Carbonneau v. Town of Exeter,* 119 N.H. at 259, 401 A.2d at 675. This court found that the requisites for the granting of a commercial use variance had not been met. *Id.* at 262–63, 401 A.2d at 678.

In light of the ruling of this court, Carbonneau petitioned the town to amend the zoning ordinance's classification of his property in order to permit him to accomplish by legislative amendment the change in use that was denied him by judicial determination. *See* 3 R. ANDERSON, AMERICAN LAW OF ZONING § 18.04, at 144–46 (2d ed. 1977). The Carbonneau property was in fact re-zoned as commercial (C-1) by a vote at the Exeter town meeting on March 13, 1984. The plaintiff's motion for rehearing was denied, and he appealed the decision of the town meeting to the superior court pursuant to RSA 677:4 (Supp. 1983).

■■ In *Schadlick v. Concord*, 108 N.H. 319, 322–23, 234 A.2d 523, 526 (1967), this court held that

> "[a]n area is spot zoned when it is singled out for treat-ment different from that of similar surrounding land which cannot be justified on the bases of health, safety, morals or general welfare of the community and which is not in accordance with a comprehensive plan. *Bosse v. Portsmouth*, 107 N.H. 523. The mere fact that an area is small and is zoned at the request of a single owner and is of greater benefit to him than to others does not make out a case of spot zoning 'if there is a public need for it or a compelling reason for it.' *Edgewood Civic Club v. Blais-dell*, 95 N.H. 244, 246."

Our review of the record in this case discloses no public need or compelling reason for the re-zoning. Because the action of the municipality related solely to the Carbonneau property and did not meet the criteria set forth in *Schadlick*, it constitutes spot zoning and is therefore invalid. We reverse the superior court's dismissal of the appeal because it is erroneous as a matter of law, *see In re Adoption of Baby C.*, 125 N.H. 216, 225, 480 A.2d 101, 106 (1984), and we remand with instructions to vacate the decision of the town meeting, RSA 677:11 (Supp. 1983).

*Reversed and remanded.*

All concurred.