Rockingham
No. 99-306

JOHN H. HILL, III & a.

v.

TOWN OF CHESTER & a.

April 13, 2001

*Sumner F. Kalman, Attorney at Law, P.C.*, of Plaistow (*Sumner F. Kalman* on the brief and orally), for the plaintiffs.

*Grinnell & Bureau*, of Londonderry (*David R. Connell* on the brief), and *Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Dean B. Eggert* orally), for the defendants.

*H. Bernard Waugh, Jr.*, by brief for the New Hampshire Municipal Association, as *amicus curiae*.

NADEAU, J. The defendants, Town of Chester (town) and Town of Chester Zoning Board of Adjustment (ZBA), appeal the ruling of the Superior Court (*Abramson*, J.) reversing the ZBA's denial of a variance to the plaintiffs, John Hill, III and Deborah Simard-Hill. We vacate and remand.

The relevant facts follow. In 1997, the plaintiffs paid $40.00 for a 1.3 acre parcel of land with 200 feet of frontage, referred to as Lot 6. They purchased it from the Simard Family Trust (Trust) by deed, which contained a reversionary interest for the Trust in the event that the plaintiffs failed to build a house on the lot within five years. It is not contested that Lot 6 was previously part of a larger tract owned by the Trust. Nor is it contested that the lot had been assessed for tax purposes as if it were a buildable lot.

The plaintiffs applied to the ZBA for a building permit. The permit was denied, however, because the zoning ordinance requires minimum frontage of 290 feet and minimum area of two acres for a single family home. Subsequently, the plaintiffs applied for a variance, which was also denied. The ZBA offered three reasons for its decision: first, there was no hardship because the Trust could have adjusted Lot 6 to comply with the zoning requirements before conveying it to the plaintiffs, and the adjustment still could occur because the lot and abutting land "are owned by members of the same family"; second, the variance would be contrary to the spirit of the ordinance in that the frontage and acreage were insufficient to meet the ordinance's requirements; and third, the variance would not do substantial justice.

The plaintiffs appealed from both the denial of the building permit and the denial of the variance; the superior court consolidated the appeals. The superior court focused upon whether the plaintiffs' hardship is self-created, noting that the land was taxed as a buildable lot until the time the variance was denied. Concluding that the plaintiffs had no actual or constructive knowledge that the land was non-buildable at the time of purchase and that the hardship was not self-created, the superior court reversed the ZBA's denial of a variance. This appeal followed.

Our review in zoning cases is limited. Only if we find a trial court's decision to be unsupported by the record or erroneous as a matter

of law will we overturn its judgment. *See Olszak v. Town of New Hampton*, 139 N.H. 723, 724 (1995). Given our recent articulation of a new definition of unnecessary hardship, *see Simplex Technologies v. Town of Newington*, 145 N.H. 727, 731-32 (2001), it is appropriate for us to determine the effect, if any, of self-created hardships in the context of variance applications.

■ To demonstrate unnecessary hardship, applicants must prove: "(1) a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment; (2) no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property; and (3) the variance would not injure the public or private rights of others." *Id.* The question we must answer is what effect does purchase with knowledge of zoning restrictions have on an applicant's ability to demonstrate unnecessary hardship.

■ In *Ryan v. City of Manchester Zoning Board of Adjustment*, 123 N.H. 170 (1983), we disallowed a use variance permitting the establishment of a beauty salon in a single family residence despite the presence of a unique four-car parking area, which the applicants had constructed. *Id.* at 174. We denied the variance, in part, because the parking area had not affected the applicants' ability to use the property in a residential fashion. *Id.* We reasoned further, however, that "[e]ven if we were to hold that the parking area constituted a special condition justifying a finding of hardship, the hardship would be due to the [applicant's] own actions." *Id.* Implicit in our reasoning is the conclusion that when a hardship is self-created, the applicant for a variance bears a heavier burden in demonstrating that a variance is justified.

■ The trend among courts is that "a purchase with knowledge does not preclude the granting of a variance and, at most, is considered a nondeterminative factor in consideration of a variance." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). When a landowner purchases land knowing it is inadequate for a particular purpose, arguably it is not the zoning restrictions which interfere with that use, but rather the purchaser's own failure to plan properly. Therefore we agree that "purchase with knowledge" is a nondispositive factor to be considered under the first prong of the hardship test set forth in *Simplex Technologies*.

■ The town asserts that the existence of a self-created hardship precludes the landowner from obtaining a variance. We disagree. That a circumstance is self-created is not dispositive; rather, it is just one factor to consider. The town further asserts that because the plaintiffs purchased the land from family members who were able to adjust the lot line to meet the area and frontage requirements, the plaintiffs are precluded from obtaining a variance. We disagree. That the land was purchased from family members is irrelevant, and that the lot could have been adjusted is merely a recapitulation of the town's initial argument that the plaintiffs purchased the land knowing it did not conform to the ordinance's area and frontage requirements.

■ We turn to the question whether the plaintiffs' hardship, in fact, is self-created. The town argues that the plaintiffs' hardship is self-created because they purchased the property knowing or constructively knowing the zoning ordinance deemed the lot inadequate to build a single-family home. We agree.

The superior court ruled that because the plaintiffs' lot had been taxed as a buildable lot, the plaintiffs could not have known that it was a non-conforming lot. This reasoning is incorrect for two reasons. First, the method by which a town taxes its land is not dispositive in determining zoning questions. *See Mudge v. Precinct of Haverhill Corner*, 133 N.H. 881, 885 (1991).

Second, landowners are deemed to have constructive notice of the zoning restrictions applicable to their property. *See Trottier v. City of Lebanon*, 117 N.H. 148, 151 (1977). "A person who purchases land with knowledge, actual or constructive, of the zoning restrictions which are in effect at the time of such purchase, is said to have created for himself whatever hardship such restrictions entail." 3 R. ANDERSON, AMERICAN LAW OF ZONING § 20.44, at 563-64 (4th ed. 1996).

Based upon our holding today that the plaintiffs had constructive notice of the restrictions on the lot and therefore at least in part contributed to the hardship they now allege exists, we vacate the superior court's decision and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.