## JAMES BRADY *v*. KEENE.

*Howard B. Lane,* for the plaintiff.

*Walker S. Kimball,* City Solicitor, for the defendant.

WOODBURY, J. The legislative grant of power to the city to enact its zoning ordinance (P. L., c. 42, ss. 48-68), is constitutional. *Sundeen* v. *Rogers,* 83 N. H. 253. The plaintiff does not dispute this but contends that the city failed to act in accordance with the authority given to it by the legislature when it returned the plaintiff's property to the zone in which it lay when he bought it after, at his request, it had been legally placed in a zone where less restricted uses were permitted.

It is not suggested that the zoning ordinance of the city of Keene failed to provide "a comprehensive plan," (s. 50), or that it was not "uniform for each class or kind of buildings throughout each district," (s. 49), or that the procedure required by section 51 was disregarded. The position taken by the plaintiff is that, in view of the nature and extent of the action which he took in relation to his property on the strength of the first amendment to the zoning ordinance, the second one contravened section 50 of the enabling act because, in the first place, that amendment cannot be found to have been "made with reasonable consideration" for his rights, and, in the second place, because it amounted to the regulation of an "existing use" of his property.

The power of the city to amend or repeal its zoning ordinance is expressly granted. s. 52. But this does not mean that the power of amendment is unlimited. This power, by force of the statute which creates it, must be exercised reasonably, and its exercise is also limited by the general rule that governmental action under the police power may not be arbitrary or unreasonably interfere with constitutional rights. *Woolf* v. *Fuller,* 87 N. H. 64, 68, and cases cited.

In cases of this sort "The seriousness of the restriction upon the private right is to be considered in balance with the expediency of the public interest." *Stone* v. *Cray,* 89 N. H. 483. In our opinion, the plaintiff at the time of the second amendment to the zoning ordinance had not done enough in relation to his property to acquire the right to continue with its preparation for a use forbidden by that amendment.

The only finding of acts done by the plaintiff on the land itself upon the strength of the amendment to the ordinance placing his property in a semi-residence district was that he removed "some

shrubbery and cut down a few trees." The evidence discloses that these trees were two in number, one "probably eight inches through . . . and the other about four," and that the shrubbery was "on the drive coming in." Its nature and extent do not appear. But, whatever this may have been, the plaintiff's acts were only of a preparatory nature. They could not have involved great expense, and, in relation to the cost of erecting and equipping a filling station, they were clearly insignificant.

The plaintiff's other action in relation to his land which he took upon the strength of the first change in the zoning ordinance consisted in his negotiations for and his execution of the lease to the Sinclair Refining Company. But, at the time when the city returned the plaintiff's property to the zone in which it lay when he bought it, this lease had not been signed by the lessee. There being no evidence that its provisions had then been in any way accepted by the latter, (35 C. J. 1152), it follows that when this change in the zoning law was made no rights had accrued under the lease. It did not then bind the plaintiff nor did it obligate the lessee to him. It was wholly without legal effect.

From the foregoing it is evident that what the plaintiff did in relation to his land upon the strength of the amendment to the zoning ordinance which placed that land in a less restricted district was trivial in character. It consisted only in trifling changes upon the land itself and negotiations for a lease which, at the time of the change in the ordinance, had not matured into a binding obligation. Such conduct on the part of the plaintiff provides no basis for a finding in his favor. It fully justifies the court in dismissing his bill.

This conclusion renders it unnecessary to consider either the question of the sufficiency of the evidence to support the court's finding of fraud or the question of the legal effect of that fraud if properly found. This is for the reason that, even though innocent of any fraud, he has made out no case for relief.

Since the city acted within its rights in returning the plaintiff's property to a zone in which the erection and operation of filling stations is forbidden, we need not decide either the questions arising out of the granting and revocation of the plaintiff's permit to store petroleum products upon his premises or the question of the city's right to restrict the plaintiff's means of access to his premises over the sidewalk.

*Exception overruled.*

All concurred.