Hillsborough,
No. 4498.

EVA G. WINN & a. v. LAMOY REALTY CORP.

Argued June 6, 1956.
Decided July 6, 1956.

*Joseph M. Kerrigan* and *Sullivan & Gregg* (*Mr. Kerrigan* orally), for the plaintiffs.

*Morris D. Stein* (by brief and orally), for the defendant.

BLANDIN, J. The single question transferred is whether the defendant's right to build a store acquired by permit on May 10, 1955, was revoked on May 24, 1955, by an amendment to the zoning ordinance of Nashua prohibiting such construction. The decisions in the different states on this matter are by no means harmonious and even appear conflicting in some instances within the same jurisdiction. Notes, 138 A.L.R. 500; 40 A.L.R. 928. It

appears upon analysis of their facts that a majority of these cases allow relief to the landowner only when he has incurred substantial expenditures or legal obligations relying in good faith upon the permit. Even most of the decisions which appear to take a different view will be found upon examination to show that where the permit was held irrevocable the landowner had in every instance fulfilled these requirements. The theory upon which they proceed is that the owner in such instances has acquired vested rights of which he cannot lawfully be deprived. *Herskovits* v. *Irwin*, 299 Pa. 155; *Lower Merion TWP.* v. *Frankel*, 358 Pa. 430. While some cases seem to indicate that actual construction must have been commenced before relief may be granted (see *Lutz* v. *New Albany City Plan Comm.*, 230 Ind. 74), we believe such a rule is too rigid. In many instances this policy might deny relief where the owner had suffered great detriment because of his reliance on the permit and allow it where his damage was slight. It seems to us that the better view and the one more likely to produce justice is that where the owner, relying in good faith upon a permit and before it has been revoked, has made substantial construction on the property or has incurred substantial liabilities relating directly thereto, or both, the permit may not be cancelled. *Herskovits* v. *Irwin, supra; Lower Merion TWP.* v. *Frankel, supra; Omaha* v. *Glissmann*, 151 Neb. 895.

Although we have no cases in this state squarely on the point, the philosophy of our law seems to support such a rule. In *Brady* v. *Keene*, 90 N. H. 99, the court in denying relief to an owner who had made certain changes in his property and had entered into negotiations for a lease relying upon an ordinance which was later amended, spoke as follows: "In cases of this sort 'The seriousness of the restriction upon the private right is to be considered in balance with the expediency of the public interest.' *Stone* v. *Cray*, 89 N. H. 483. In our opinion, the plaintiff at the time of the second amendment to the zoning ordinance had not done enough in relation to his property to acquire the right to continue with its preparation for a use forbidden by that amendment.

"The only finding of acts done by the plaintiff on the land itself upon the strength of the amendment . . . placing his property in a semi-residence district was that he removed 'some shrubbery and cut down a few trees' . . . The plaintiff's acts were only of a preparatory nature. They could not have involved great expense, and, in relation to the cost of erecting and equipping a filling

station, they were clearly insignificant." *Brady* v. *Keene,* 90 N. H. 99, 101, 102.

Applying the law as we hold it to be to the facts of this case, we find that the defendant had, according to the Trial Court's findings, at the most "incurred expenses and liabilities of several hundred dollars," which the record shows were less than $1,000. "Actual physical construction was not started until May 28, 1955," which was four days after the amendment was passed. The purchase of the lot obviously was not in reliance on the permits because at that time he had not applied for them. It appears that his expenditures and legal obligations were small in relation to the very substantial total cost of the proposed store. See *Brady* v. *Keene, supra,* 102.

Under the facts in this case, we hold that the plaintiffs are entitled to relief and that an injunction should issue in accordance with their petition. This disposes of all issues presented by the exceptions transferred, and the order is

*Remanded.*

All concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed, the defendant filed a motion for a rehearing.

*Morris D. Stein* for the motion.

BLANDIN, J. The defendant's motion for a rehearing and for a suspension of the existing order presents certain issues raised by the defendant at the trial but not transferred and hence not before this court. Other issues presented by the motion require no action by this court.

*Motion denied.*