Cheshire,
No. 6320.

MOBIL OIL CORPORATION

*v.*

KEENE

NINE-TWELVE REALTY CORPORATION.

*v.*

SAME.

April 28, 1972.

*Cristiano & Kromphold* for plaintiff Mobil Oil Corporation, and *Upton, Sanders & Upton* and *Ernest T. Smith III* for plaintiff Nine-twelve Realty Corporation (*Mr. Smith* orally for both plaintiffs).

*Charles H. Morang,* city attorney, by brief and orally, for the defendant.

Duncan, J. On September 24, 1969, the plaintiffs applied to the Keene Zoning Board of Adjustment for a special exception to authorize construction of a filling station on land on West Street in Keene owned by Realty Corporation and leased to Mobil Oil Corporation. The premises, which were just west of the routes 9 and 12 bypass, were then zoned for business use. On October 16, 1969, the zoning ordinance was amended to convert the zone to a residential zone. On October 27, 1969, the board of adjustment, following hearing, denied the plaintiffs' application, and plaintiffs appealed to the superior court after a rehearing was denied by the board. RSA 31:77.

The appeal was heard by *Morris,* J. At the close of all the evidence the plaintiffs moved to amend their appeal, to seek a declaratory judgment that the amending ordinance was invalid and of no effect, or in the alternative was inapplicable to the premises described in the lease. The motion to amend was granted, the court made findings and rulings in writing, and dismissed the appeal. The questions of law presented by the plaintiffs' exceptions were reserved and transferred.

The plaintiff Realty Corporation was organized in 1962 and in the same year acquired four contiguous tracts of largely undeveloped land totaling seventeen acres, between West Street and the railroad, of which some twelve or thirteen acres were zoned for business. Ninety percent of the land was lowland, drained by the Ash Brook Drainage Project. A dwelling house on the street side was later heavily damaged by fire, and was removed in 1970. The only other building, situated near the northeast corner of the premises, was a single-story office building, which would be removed if the plaintiffs' application were granted.

The bypass on the easterly side of the land was at grade when the land was acquired, but in 1968 it was raised so as to cross West Street by overpass. East of the overpass, West Street developed commercially, but there was evidence that west of the overpass, beyond the Realty Corporation land, the neighborhood was predominantly residential.

The lease from Realty Corporation to Mobil Oil of a tract 200 feet by 200 feet was executed on April 8, 1969, for a fifteen-year term, with options for three five-year renewals. In the summer of 1969 the proposed filling station structure was approved by the architectural board of review after hearing, and the necessary subdivision approval was also obtained. When the application for a zoning exception was filed on September 24, 1969, all of the prerequisites for the granting of an exception under the ordinance then in force appeared to have been fulfilled.

The ordinance was amended before the plaintiffs' application was heard. The Realty Corporation took no appeal from the action of the city council rezoning the area owned by it. RSA 31:77. The evidence in the superior court tended to show that the application for an exception would have been granted by the board of adjustment but for the amendment adopted before the zoning board hearing.

The plaintiffs contend that the Realty Corporation acquired vested rights to the proposed use by virtue of the execution of the lease and compliance with requirements of the existing ordinance before amendment; and that enforcement of the amended ordinance would deprive them of their rights retroactively, in violation of article I, section 10, of the Constitution of the United States.

This argument does not merit acceptance. By settled law, property owners have no vested right to be free from zoning restrictions which forbid prospective uses. *Brady* v. *Keene,* 90 N.H. 99, 4 A.2d 658 (1939); *R.A. Vachon & Son, Inc.* v. *Concord,* 112 N.H. 107, 289 A.2d 646 (1972). When the Keene Ordinance was amended, the premises owned by Realty Corporation had never been used for filling station purposes. They were held subject to the possibility that such use might be forbidden by amendment; and absent any substantial development of the property for the projected use, the plaintiffs acquired no right to make it. *Brady* v. *Keene supra; Piper* v. *Meredith,* 110 N.H. 291, 299, 266 A.2d 103, 109 (1970); *New York St. Thruway Auth.* v. *Ashley Motor Court, Inc.,* 10 N.Y.2d 151, 176 N.E.2d 566 (1961); 2 Rathkopf, The Law of Zoning and Planning 57-6, *s.* 3 (1964); 3 *id.* 71-101 (1969).

In support of their argument, the plaintiffs rely upon *Hull* v. *Hunt,* 53 Wash. 2d 125, 331 P.2d 856 (1958), a case in which the court reaffirmed a rule of thumb under which the rights of a landowner to make a use permissible when applied for were held to become fixed as of the date of application for a permit, and irrevocable by subsequent amendment forbidding such use. In so doing, the court recognized that such a rule was contrary to the weight of authority. It clearly would conflict with our decided cases. *Brady* v. *Keene supra; Winn* v. *Corporation,* 100 N.H. 280, 124 A.2d 211 (1956); *Bosse* v. *Portsmouth,* 107 N.H. 523, 532, 226 A.2d 99, 106 (1967); *see R.A. Vachon & Son, Inc.* v. *Concord,* 112 N.H. 107, 289 A.2d 646 *supra.*

The considerations which militate against the adoption of such a rule were adequately outlined in *Chicago Title & Trust Co.* v. *Village of Palatine,* 22 Ill. App. 2d 264, 160 N.E.2d 697 (1959), also cited by the plaintiffs. An individual landowner should not be entitled to nullify the application of a zoning amendment to his property, merely by filing an application under existing zoning while the amendment is in the process of adoption. *A.J. Aberman, Inc.* v. *City of New Kensington,* 377 Pa. 520, 526-29, 105 A.2d 586, 589-90 (1954); *Morris* v. *Postma,* 41 N.J. 354, 196 A.2d 792 (1964).

The plaintiffs' brief indicates that the lease of April 8, 1969, was conditioned upon the issuance of necessary municipal permits. In any event its execution did not constitute development of the property within the purview of the authorities relating to the establishment of vested rights, and it was not executed in reliance upon any permit under the zoning ordinance then in effect. *Morris* v. *Postma,* 41 N.J. 354, 196 A.2d 792 (1964); 2 Rathkopf, *supra* at 57-6, *s.* 3 (1964). On passage of the amendment, the use sought by the plaintiffs was forbidden. The operation of the amendment was not retrospective as the plaintiffs contend, but related solely to future use. The amended ordinance did not purport to abrogate the lease between the parties. *Cf. Twentieth Century Associates, Inc.* v. *Waldman,* 294 N.Y. 571, 63 N.E.2d 177 (1945), *appeal dismissed,* 326 U.S. 696, 697, 90 L. Ed. 410-11, 66 S. Ct. 492, 493 (1946). Therein we see no violation of the constitutional provisions relied upon by the plaintiffs.

It is further contended that the ordinance was not validly adopted because a written report submitted by the planning board failed to specify the reason for the board's recommendation that the "zoning change not be made". A section of the ordinance relating to "Changes", provided that every proposed amendment should be "referred to the city planning board for their report", and further provided as follows: "In recommending the rejection or revision of any proposed amendment, the Planning Board shall state its reasons". Another section of the ordinance under the head of "Definitions" provided: "SHALL shall be considered mandatory and directory."

There was evidence that the city planning director was present both at the meeting of the planning board at which its report was voted upon, and at the meeting of the city council at which the amendment was adopted. The ordinance did not require the board to state its reasons in writing. It could be found that the reasons were adequately communicated to the council. *Collins* v. *Derry,* 109 N.H. 470, 473, 256 A.2d 654, 656 (1969). The ambiguous provision of the definitionary section of the ordinance (26A C.J.S. 958-59 (1956)) required no different conclusion.

It is not questioned that a public hearing was held by the council. RSA 31:63; *Hardiman* v. *Dover,* 111 N.H. 377, 284 A.2d 905 (1971); *Bosse* v. *Portsmouth supra.* The evidence did not compel a ruling that the action of the council was invalid, and the presumptions favored its validity. RSA 31:78; *Schadlick* v. *Concord,* 108 N.H. 319, 323, 234 A.2d 523, 527 (1967); *Morris* v. *Postma supra.* Neither plaintiff appealed from the action of the council (RSA 31:77; *Towle* v. *Nashua,* 106 N.H. 394, 212 A.2d 204 (1965)), and the court properly held the amendment valid. We find no error and accordingly the order is

*Appeal dismissed.*

All concurred.