Hillsborough
No. 84-225

EDWARD J. SOCHA, JR.

v.

THE CITY OF MANCHESTER & a.

March 20, 1985

*Barry M. Scotch*, of Manchester, by brief and orally, for the plaintiff.

*Thomas R. Clark*, assistant city solicitor, by brief and orally, for the defendants.

*George Bruno*, of Manchester, by brief and orally, for Marc Jalbert and Save Manchester's Neighborhoods, Inc., as amici curiae.

BATCHELDER, J.   The Superior Court (*Flynn*, J.) transferred to us the questions whether the defendant City of Manchester violated the constitutional prohibition against retrospective laws, N.H. CONST. pt. I, art. 23, or the public hearing requirement of RSA 31:63 (Supp. 1983) (current version at RSA 675:2 (Supp. 1983)), when the city adopted the provisions of RSA 156:3-a (Supp. 1983). We find the city's adoption of the statute constitutionally and statutorily valid, and therefore answer each question in the negative.

The plaintiff, Edward J. Socha, Jr., owns 1.17 acres on the northwest corner of North River Road and West Webster Street in Manchester. At the time the plaintiff acquired the property, it was zoned to permit residential construction of unlimited height.

On September 6, 1983, at a regular meeting of the Manchester board of mayor and aldermen, a motion was passed to begin proceedings to rezone the area that included the plaintiff's property to prohibit high-rise multi-family residences. Later during that meeting, the provisions of RSA 156:3-a (Supp. 1983) were adopted.

On September 8, 1983, the plaintiff received a foundation permit from the Manchester Building Department for the construction of a high-rise apartment building on the North River Road property. On the following day, notice of public hearings on the proposed rezoning was published. Shortly thereafter, a building commissioner notified the plaintiff in writing that construction permits that would be inconsistent with the proposed zoning changes would not be issued during the zoning deliberations. The building department accordingly denied the plaintiff's subsequently filed request for a superstructure permit. On December 20, 1983, the area was rezoned. The new classification does not permit construction of the plaintiff's proposed building.

Because the provisions of RSA 156:3-a (Supp. 1983) had been adopted by the city, the building department was required to deny the plaintiff's request for a superstructure permit. *See* RSA 156:3-a, II (Supp. 1983). RSA 156:3-a, I (Supp. 1983) provides:

> "The building inspector shall not issue any building permit where application for such permit is made after . . . the first legal notice of proposed changes in the zoning ordinance has been posted pursuant to the provisions of RSA 31:63 or RSA 31:63-a, if the proposed changes in . . . the zoning ordinance would, if adopted, justify refusal of such a permit. After final action has been taken on the proposed changes in the . . . zoning ordinance, the building inspector shall issue or refuse to issue such a permit which has been held in abeyance pursuant to this section."

The plaintiff challenges the denial of the superstructure permit and the concomitant forced halt to his building plans in two respects. First, he claims that RSA 156:3-a (Supp. 1983), as adopted by the city, is an unconstitutional retrospective law. N.H. CONST. pt. I, art. 23. Second, he claims that RSA 156:3-a (Supp. 1983) is a zoning ordinance and as such can only be adopted after a public hearing in accordance with RSA 31:63 (Supp. 1983) (current version at RSA 675:2 (Supp. 1983)). Neither argument is persuasive.

To be retrospective, a statute must impair a vested legal right. *Lakeman v. Moore*, 32 N.H. 410, 413 (1855). "By settled law, property owners have no vested right to be free from zoning restrictions which forbid prospective uses." *Mobil Oil Corp. v. Keene*, 112 N.H. 155, 157, 290 A.2d 628, 629 (1972). "Such rights are acquired 'where the owner, relying in good faith upon a permit and before it has been revoked, has made substantial construction on the property or has incurred substantial liabilities relating directly thereto, or both . . . .'" *Navin v. Exeter*, 115 N.H. 248, 251, 339 A.2d 12, 14 (1975) (quoting *Winn v. Corporation*, 100 N.H. 280, 281, 124 A.2d 211, 213 (1956)). Receipt of a permit alone does not suffice. *See R. A. Vachon & Son, Inc. v. Concord*, 112 N.H. 107, 111, 289 A.2d 646, 649 (1972) (subdivision approval alone not sufficient). In the instant case, the building department advised the plaintiff shortly after his receipt of the foundation permit that permits inconsistent with the proposed rezoning could not be granted in the future. The plaintiff fails to demonstrate any substantial detrimental reliance on the foundation permit. We therefore find that no rights in the proposed construction vested.

The plaintiff next argues that RSA 156:3-a (Supp. 1983) is a zoning ordinance and therefore that the city's adoption of the statute is

invalid because no public hearing was held in accordance with RSA 31:63 (Supp. 1983) (current version at RSA 675:2 (Supp. 1983)). We disagree.

■■ Zoning is the regulation of land uses in furtherance of the State's police power. RSA 31:60 (current version at RSA 674:16, I (Supp. 1983)). Although RSA 156:3-a (Supp. 1983) does temporarily limit the uses to which property may be dedicated, the statute's purpose is not land use regulation. Rather, the statute is designed to enhance the effectiveness of the zoning process by preventing landowners from adopting property uses inconsistent with proposed zoning changes during the zoning deliberation process. *Navin v. Exeter*, 115 N.H. at 252, 339 A.2d at 15.

■ As long as this process is conducted with reasonable dispatch, RSA 156:3-a (Supp. 1983) will serve its intended function and will not operate as a zoning ordinance. "[A]n unduly prolonged procedure in considering amendments to a zoning ordinance will not be permitted to be used by a municipality to impose either a selective or a general moratorium on local land development." *Id.* In that instance, a municipality would be employing RSA 156:3-a (Supp. 1983) to effect long-term land use regulation and thus as a zoning ordinance.

■ Since the plaintiff does not allege that the zoning deliberations in this case extended beyond a reasonable time, we find that RSA 156:3-a (Supp. 1983), as adopted by the city, is not a zoning ordinance and therefore is not subject to the public hearing requirement of RSA 31:63 (Supp. 1983).

*Remanded.*

BROCK, J., did not sit; the others concurred.