Hillsborough
No. 87-396

BEDFORD RESIDENTS GROUP

v.

TOWN OF BEDFORD, PLANNING BOARD,
GROVE REALTY TRUST & ROLAND & DIANE AUGER

July 11, 1988

*Brennan Professional Association*, of Manchester (*Ronald J. Caron* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Barton L. Mayer* on the brief and orally), for the defendant Town of Bedford.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Eugene M. Van Loan, III*, on the brief and orally), for the defendant Grove Realty Trust.

JOHNSON, J. The defendants' appeal follows the plaintiff's successful challenge to the validity of a zoning amendment adopted by Bedford's 1986 town meeting. The Trial Court (*O'Neil*, J.), finding that the plaintiff (hereinafter property owners) had been denied the notice of the proposed zoning change that is required by RSA 675:7, III, granted the plaintiff's motion for summary judgment and denied the defendants' motion to dismiss and motion for summary judgment. We affirm.

The principal issue is whether the publication and posting by the Bedford Planning Board of documents that indicated that the board would be considering "amendments to the zoning ordinance and zoning map," and that "copies of . . . the proposed amendments to the zoning ordinance and zoning map . . . are on file for public inspection in the Selectmen's Office," provided sufficient notice to the plaintiff's members that their properties might be affected by the proposed rezoning. We conclude that the notice provided was not sufficient to satisfy the requirements of RSA 675:7.

This appeal arises out of a series of events that commenced on December 10, 1985, when a group of registered voters in Bedford petitioned to have placed on the warrant for the 1986 town meeting an article that called for the rezoning of a particular parcel of land from Residential/Agricultural to Apartment/Residential. The petition defined the land in question as follows:

> "That parcel of land currently owned by Violet Starita located easterly of the easterly end of Bedford Street, southerly of the Manchester Town Line and westerly of the other land of Violet Starita, currently zoned Commercial. Said parcel containing 15.064 acres and being more particularly bounded and described in Exhibit A attached hereto."

The planning board made available to the public, in the selectmen's office, the petition and a portion of the tax map showing the Starita property, designated as "area to be rezoned." The planning board then prepared a "Legal Notice," in accordance with RSA chapter 675, of its public hearing on several proposed zoning amendments, including the one at issue. The notice stated that a hearing would be held "on Tuesday, January 28, 1986, at the McKelvie School" and that the hearing was "for the purposes of considering . . . proposed amendments to the zoning ordinance and zoning map as submitted by the Planning Board and as submitted by petitions of the voters." The notice also stated that "[c]opies of . . . the proposed amendments to the zoning ordinance and zoning map as submitted by the Planning Board and as petitioned articles

are on file for public inspection in the Selectmen's Office." The planning board posted the notice in the Bedford Public Library and in the town office building. Both the Manchester Union Leader and the Bedford Merrimack Bulletin published it.

At the January 28 hearing, the planning board voted to recommend approval of the proposal at the town meeting in March. The selectmen thereafter prepared the town warrant, wherein they included as Article 20 the petition to rezone the Starita property. On February 24, copies of the warrant were posted at the public library, the town office building, the town hall and the McKelvie School. The warrant was subsequently published in the town report, which was made available to all Bedford voters prior to the town meeting. A copy of the warrant was also posted at the polls on Election Day, March 11. The voters approved the zoning amendment at the town meeting.

The sixteen members of the Bedford Residents Group are owners of property located in the vicinity of the Starita parcel; two are residents of the city of Manchester whose properties abut the Starita parcel. The property owners contend that they lacked actual knowledge that a change had occurred in the zoning of that land until August, 1986, when, as abutters, they received notice from the planning board of a forthcoming hearing concerning a site plan submitted to the board by Bradgate Associates and Grove Realty Trust. Bradgate and Grove Realty were seeking to construct a condominium development on the recently rezoned land.

On August 18, 1986, the property owners attended a meeting of the planning board at which Bradgate and Grove Realty presented their proposed site plan. At that meeting, the property owners argued that they had not received proper notice of the January 28 hearing. They also presented to the board a protest petition challenging the rezoning, which the board referred to the town attorney. At its next meeting, the board reported back to the property owners that, pursuant to consultations with counsel, it had concluded that the zoning amendment had been adopted according to proper procedures and, therefore, that "the zoning stands." The property owners nonetheless attended subsequent planning board hearings concerning the site plan, including the February 16, 1987 meeting at which the board approved the plan. On February 17, the property owners filed a petition for declaratory judgment in the superior court requesting that the rezoning be voided.

Shortly after filing the petition for declaratory relief, the property owners also filed an appeal, pursuant to RSA 677:15, from the planning board's approval of the site plan. This appeal raised

the same claim of invalidity regarding the rezoning as the petition for declaratory judgment had raised. The superior court consolidated the two actions by agreement of the parties. The defendants filed motions to dismiss both actions, arguing that they were barred by virtue of not having first been brought before the Bedford Board of Selectmen on a motion for rehearing pursuant to RSA 677:2. The parties entered into a stipulation of documents and facts, on the basis of which they subsequently filed cross motions for summary judgment.

On June 4, 1987, the superior court issued an order denying the defendants' motions to dismiss, denying the plaintiff's motion for summary judgment and granting the defendants' motion for summary judgment. The court concluded that the legal notice that the Bedford Planning Board had provided was "consonant with RSA 675:7."

The property owners filed a timely motion for reconsideration. After a hearing, the court reversed its earlier rulings on the parties' respective motions for summary judgment, granting the plaintiff's motion and denying the defendants' motions. The court determined that the notice furnished by the Bedford Planning Board "does not withstand constitutional scrutiny" and "does not satisfy the statute," RSA 675:7. The defendants thereupon filed a timely notice of appeal to this court.

The defendants argue, first, that the trial court erred in holding that the legal notice by which Bedford announced its January 28, 1986 public hearing failed to apprise the plaintiff's members of the proposed rezoning of the Starita property. They contend that that document satisfied all statutory requirements of fair notice regarding zoning amendments.

The defendants point out that individuals who might be affected by a zoning amendment are not entitled under RSA 675:7 to receive notice of the proposed amendment, but are entitled, instead, only to constructive notice. They note that RSA 675:7, II states that "[t]he full text of the proposed master plan, zoning ordinance, . . . or amendment need not be included in the notice if an adequate statement describing the proposal and designating the place where the proposal is on file for public inspection is stated in the notice." In the defendants' view, this language clearly authorizes the incorporation of a zoning amendment by reference. They conclude that the legal notice published by the Bedford Planning Board furnished constructive notice because it clearly stated that the board would consider changes in the zoning ordinance and map at the hearing and that the full text of the proposed changes was

available at the selectmen's office. The proposed amendments were incorporated into the legal notice by reference.

The property owners counter that the trial court correctly ruled that the legal notice announcing the January 28 hearing was statutorily inadequate. We agree.

■ While the property owners need not be afforded actual notice of the proposed zoning change, RSA 675:7 requires that they be afforded constructive notice sufficient "to inform the public of the essence and scope of the zoning regulation under consideration." *Carbonneau v. Town of Exeter*, 119 N.H. 259, 265, 401 A.2d 675, 679 (1979) (quoting 1 R. ANDERSON, AMERICAN LAW OF ZONING § 4.14, at 246 (3d ed. 1986)).

The notice given in *Carbonneau* was nevertheless sufficient because it clearly indicated "[a]n amendment to the Town of Exeter Zoning Map by delineating the boundary lines between districts to follow property lines, streets and power lines as shown on the map displayed in the Town Clerk's office." *Carbonneau, supra* at 266, 401 A.2d at 679. The notice in *R. A. Vachon, Inc. v. City of Concord*, 112 N.H. 107, 112, 289 A.2d 646, 649 (1972) (citing *Schadlick v. City of Concord*, 108 N.H. 319, 234 A.2d 523 (1967)) was also sufficient because it indicated that the proposed zoning ordinance represented a "comprehensive revision" of the existing ordinance. *Id.* The constructive notice offered in both cases was "sufficient to apprise those interested in the proposed changes." *Id.* at 111, 289 A.2d at 649.

■ The notice at issue in this case, however, did not satisfy the requirements of RSA 675:7 for constructive notice because it did not contain enough essential information about the scope of the proposed changes to alert interested parties that such changes were under consideration. It announced a forthcoming public hearing "for the purpose of considering (1) a proposed amendment to the 1980 Master Plan and (2) proposed amendments to the zoning ordinance and zoning map," but it did not state the location of the affected property, the nature of the proposed amendments or the identity or boundaries of the property.

■ Thus, the legal notice issued by the Bedford Planning Board was not sufficient to satisfy the requirement of RSA 675:7, II that such notice contain "an adequate statement describing the proposal." The rezoning of the Starita property is therefore void for failure to comply with statutory notice requirements for rezoning. *Cloutier v. Epping Water & Sewer Commission*, 116 N.H. 276, 278–79, 360 A.2d 892, 895 (1976); *V. M. Stevens, Inc. v. Town of South*

*Hampton,* 114 N.H. at 119–22, 316 A.2d at 182; *Calawa v. Town of Litchfield,* 112 N.H. at 265–66, 296 A.2d at 125; *Olson v. Town of Litchfield,* 112 N.H. 261, 262, 296 A.2d 470, 471 (1972).

It is not necessary to consider the property owners' contention that the legal notice issued by the board was also inadequate to protect their constitutional interest in property guaranteed by part I, article 15 of the New Hampshire Constitution, because statutory grounds are sufficient for determining the adequacy of that notice. We "will not reach a constitutional issue properly presented . . . where [we] can rely . . . on a nonconstitutional ground, and base [our] decision on statutory provisions . . . ." 16 C.J.S. *Constitutional Law* § 88, at 252, 254 (1984); *see also State v. Millette,* 112 N.H. 458, 463, 299 A.2d 150, 153 (1972); *New Hampshire Ins. Co. v. Duvall,* 115 N.H. 215, 218, 337 A.2d 533, 535 (1975).

■ We reject the defendants' contention that any deficiency in the notice of the January 28, 1986 public hearing was cured by the subsequent publication and posting of the warrant for the March, 1986 town meeting. RSA 675:2, II states that "[n]o zoning ordinance . . . shall be established or amended until after a public hearing is held in accordance with the procedures required under RSA 675:7 on the proposed zoning ordinance . . . ." Since RSA 675:7 requires "an adequate statement describing the proposal," the zoning amendment effected by Bedford is void because it was not adopted pursuant to a public hearing held in accordance with the procedures required under RSA 675:7.

The defendants do not cite a decision of this court rendered after the enactment of RSA 675:2 and :7 which supports their position. Indeed, the most supportive decision that they do cite, *Collins v. Derry,* 109 N.H. 470, 256 A.2d 654 (1969), was rendered fourteen years prior to the enactment of RSA 675:2 and :7. Moreover, that decision concerned the failure of a planning board to republish in the notice of a second public hearing those proposed zoning amendments in which no change had been made during the first public hearing. Those circumstances are substantially different from the circumstances present in this case because, in that instance, voters were apprised of the full scope of the amendments to be considered at the initial hearing, whereas in this case, no such adequate statement of the proposed amendments was provided.

The defendants next argue that the trial court erred in denying their motions to dismiss on the ground that the property owners had failed to exhaust administrative remedies prior to filing suit. The defendants maintain that RSA 677:2 and :3 require a party who is aggrieved by a procedural defect in a zoning decision to

move for a rehearing before the board of selectmen in order to permit the selectmen to determine whether the procedures by which the challenged ordinance was enacted were appropriate. If the selectmen find a defect in the notice or in its publication, they can correct it by scheduling a rehearing pursuant to appropriate notice, followed by a special town meeting. Since the plaintiff did not petition the Bedford Board of Selectmen for a rehearing concerning the zoning amendment approved at the 1986 town meeting, the defendants argue that the plaintiff failed to comply with the administrative exhaustion requirements of RSA 677:2 and :3 and, therefore, that the superior court should have dismissed its petition.

The plaintiff responds that it was not required to exhaust administrative remedies because the Bedford Planning Board failed to satisfy the notice requirements of RSA 675:7, II. We agree.

■■ New Hampshire's rule regarding the exhaustion of administrative remedies is, like the federal rule, flexible and recognizes that exhaustion is not required under some circumstances. *Metzger v. Brentwood*, 115 N.H. 287, 290, 343 A.2d 24, 26 (1975) (citing 3 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 20.01, at 56 (1958) (Supp. 1970, at 648)). A party is not required to exhaust administrative remedies where the issue on appeal is a question of law rather than a question of the exercise of administrative discretion. *Bourgeois v. Town of Bedford*, 120 N.H. 145, 149, 412 A.2d 1021, 1024 (1980) (citing *Tremblay v. Town of Hudson*, 116 N.H. 178, 179, 355 A.2d 431, 432 (1976); *Metzger v. Brentwood*, *supra* at 290–91, 343 A.2d at 26–27).

■ The central question presented by the defendants' appeal is whether the notice furnished by the Bedford Planning Board satisfies statutory requirements. This is a legal question which necessitates judicial construction of RSA 675:7, II. In these circumstances, the plaintiff need not have exhausted administrative remedies prior to seeking superior court review. *Bourgeois v. Town of Bedford supra* (citing *Tremblay v. Town of Hudson supra*; *Metzger v. Brentwood supra*).

■ Our previous conclusion notwithstanding, we reject the defendants' contention that the property owners failed to exhaust the administrative remedies available to them and neglected to file suit in a timely fashion. Shortly after receiving notice, as abutters, of an upcoming planning board hearing on a site plan for the Starita property, the plaintiff property owners appeared at the hearing and read to the board a protest petition that they had

prepared. Thus, once the property owners were apprised of the rezoning, they sought reconsideration by the planning board in a timely fashion. When the board not only refused to reconsider its earlier action, but also approved the contested site plan, the property owners were left with no remedy other than an action for declaratory relief in superior court, which they filed in a timely manner.

■ The defendants' laches argument fails for the same reasons. Deprived of adequate notice, the property owners were unaware until August, 1986, that the zoning change had been approved, and they cannot be expected, therefore, to have complied with the requirements of RSA 677:2 and :3. Once they learned of the zoning change, the property owners did not sit on their rights, but instead promptly sought reconsideration by the planning board and, shortly thereafter, petitioned for declaratory relief. Any resulting prejudice was caused not by the property owners' delay in seeking relief, but by the planning board's failure to furnish them with adequate notice of the proposed rezoning.

In rejecting the defendants' arguments, we also reject their contention that the superior court's decision, if affirmed, would impair the predictability of real estate transactions by permitting unforeseeable challenges to zoning ordinances. Planning boards can prevent such challenges by furnishing citizens with constructive notice sufficient "to inform the public of the essence and scope of the zoning regulation under consideration." *Carbonneau v. Town of Exeter*, 119 N.H. at 265, 401 A.2d at 679 (quoting 1 R. ANDERSON, AMERICAN LAW OF ZONING § 4.14, at 246). Had the Bedford Planning Board satisfied its statutory duty to provide the property owners with adequate notice, the superior court would undoubtedly have dismissed their petition for declaratory relief.

We conclude that the defendants failed to meet their statutory duty to provide adequate notice to the property owners, and we therefore affirm the trial court's decision granting the plaintiff's motion for summary judgment and denying the defendants' motion to dismiss and motion for summary judgment.

*Affirmed.*

All concurred.