No. 95-240
Hillsborough-northern judicial district

DEANNA AND WILLIAM BRADLEY & a.

v.

CITY OF MANCHESTER & a.

DEANNA AND WILLIAM BRADLEY & a.

v.

PLANNING BOARD OF THE CITY OF MANCHESTER

September 25, 1996

*Charles H. Morang*, of Concord, by brief and orally, for the plaintiffs.

*Sheehan Phinney Bass + Green, P.A.*, of Manchester (*William J. Donovan* on the brief and orally), for the intervenor, the Roman Catholic Bishops of Manchester d/b/a St. Catherine of Sienna Church, jointly with *Thomas R. Clark*, city solicitor, by brief, and *Thomas I. Arnold, III*, assistant city solicitor, orally, for defendant City of Manchester.

JOHNSON, J. This case concerns a proposed addition to a Manchester parish school operated by the intervenor, the Roman Catholic Bishops of Manchester d/b/a St. Catherine of Sienna Church (the church). The plaintiffs, former and current neighbors of the school, oppose the addition. They appeal the Superior Court's (*Sullivan*, J.) denial of their petition for declaratory judgment challenging the validity of two amendments to the Manchester

Zoning Ordinance, as well as the court's denial of their appeal from the Manchester planning board's approval of the church's site plan application. We affirm.

In 1993 and 1994, the church petitioned the Manchester Zoning Board of Adjustment (ZBA) for a variance and special exception to build an addition to its school. The ZBA denied the petitions. The church then submitted a proposal to the Manchester building commissioner to amend the zoning ordinance to allow such an addition as a matter of right. The building commissioner submitted the proposal to the board of mayor and aldermen (aldermen), and the aldermen held a public hearing on the issue. Several plaintiffs spoke against the proposed amendments, but the aldermen voted to adopt them. Soon afterwards, the church applied for and received site plan approval from the planning board for the addition.

The plaintiffs challenged the actions of the aldermen and the planning board in two actions before the superior court. First, they filed a petition for declaratory judgment against the City of Manchester (city) contesting the validity of the zoning amendments. Second, they appealed the planning board's site plan approval, terming it illegal and unreasonable. The superior court consolidated the two cases, held an evidentiary hearing, and denied the plaintiffs' prayers for relief. The plaintiffs then appealed to this court.

The plaintiffs argue that the zoning amendments are invalid for three reasons: (1) the aldermen did not publish an adequate notice of the public hearing, see RSA 675:7, II (1996); (2) several aldermen suffered from a conflict of interest; and (3) one of the amendments conflicts with other provisions of the zoning ordinance. The plaintiffs also argue that the proposed addition to the parish school would violate several provisions of the zoning ordinance, thus rendering illegal the planning board's approval of the church's site plan application.

Before considering the plaintiffs' arguments, we address an issue we raised during oral argument: whether the plaintiffs were required to exhaust their administrative remedies before filing their actions in the superior court. The plaintiffs acknowledged that they did not comply with the administrative appeal requirements of RSA 677:2 (Supp. 1995) (amended 1995) and RSA 677:4 (Supp. 1995) (amended 1995), and we directed the parties to file supplemental memoranda on the issue. In their memorandum, the plaintiffs argued that exhaustion of administrative remedies was unnecessary.

"The rule requiring administrative remedies to be exhausted prior to appealing to the courts is based on the reasonable policies of encouraging the exercise of administrative expertise, preserving

agency autonomy and promoting judicial efficiency." *Metzger v. Brentwood*, 115 N.H. 287, 290, 343 A.2d 24, 26 (1975) (decided under prior law).

Assuming the issues raised fall within an exception to the requirement that administrative remedies be exhausted prior to appeal, we now turn to the arguments raised. The plaintiffs first contest the adequacy of the aldermen's public hearing notice. They argue that the notice inadequately described one of the amendments proposed by the church and adopted by the aldermen.

The amendment at issue doubled the maximum permissible floor area ratio in the city's one-family zoning district, the district containing the church's parish school. MANCHESTER, N.H., ZONING ORDINANCE art. V, § 5.01. The floor area ratio for a zoning district is "[t]he ratio of the gross floor area of the principal building to the total lot area." *Id.* art. X. Each district's floor area ratio can be found in the zoning ordinance's table of height, area, and bulk regulation. *Id.* art. V, § 5.01.

The aldermen's public hearing notice stated that the amendment would "amend section 5.01 table of height, area, and bulk regulation deleting and replacing wording to promote consistency between one and two family zoning districts." As the plaintiffs point out, the amendment deleted and replaced numbers, rather than words, but the notice is otherwise entirely accurate. The notice informed interested readers that "[c]omplete copies of the proposed Ordinance Amendment are available for viewing at the Office of the City Clerk, 904 Elm Street, City Hall, Manchester, NH." The plaintiffs do not dispute that such copies were, in fact, available as stated.

■ The plaintiffs' argument that this notice is inadequate turns on our interpretation of RSA 675:7, II, which provides: "The full text of the proposed . . . amendment need not be included in the notice *if an adequate statement describing the proposal* and designating the place where the proposal is on file for public inspection is stated in the notice." (Emphasis added.) We have stated that "a notice would be meaningless unless it included some reference to the area involved sufficient to give the reader reasonable warning that his interest may be affected." *Schadlick v. Concord*, 108 N.H. 319, 322, 234 A.2d 523, 526 (1967) (decided under prior law). In other words, the notice must be "sufficient to apprise those interested in the proposed changes." *R. A. Vachon & Son, Inc. v. Concord*, 112 N.H. 107, 111, 289 A.2d 646, 649 (1972).

In *Bedford Residents Group v. Town of Bedford*, 130 N.H. 632, 634, 547 A.2d 225, 226–27 (1988), an amendment to a zoning ordinance was adopted rezoning a particular parcel of land. We held

the public hearing notice inadequate under RSA 675:7, II because it failed to "state the location of the affected property, the nature of the proposed amendments or the identity or boundaries of the property." *Id.* at 637, 547 A.2d at 229. We contrasted this notice with the notices held sufficient in *Carbonneau v. Town of Exeter*, 119 N.H. 259, 265–66, 401 A.2d 675, 679 (1979), and *Vachon*, 112 N.H. at 111–12, 289 A.2d at 649. *Bedford Residents Group*, 130 N.H. at 637, 547 A.2d at 228. The *Carbonneau* notice read: "An amendment to the Town of Exeter Zoning Map by delineating the boundary lines between districts to follow property lines, streets, rivers, and power lines as shown on the map displayed in the Town Clerk's Office." *Carbonneau*, 119 N.H. at 265–66, 401 A.2d at 679 (quotation omitted). The *Vachon* notice simply stated that the proposed amendment represented a "comprehensive revision" of the zoning ordinance. *Vachon*, 112 N.H. at 112, 289 A.2d at 649 (quotation omitted).

■ The notice at issue here is at least as informative as those held sufficient in *Carbonneau* and *Vachon*. Although it did not contain a precise description of the proposed change to the applicable floor area ratio, an even greater lack of detail survived the test of adequacy in both *Carbonneau* and *Vachon*. The aldermen's notice alerted interested readers that height, area, or bulk regulations pertaining to one-family or two-family zoning districts might be changed and accurately noted that such a change would promote consistency between those two districts. It also directed readers to the city clerk's office for copies of the amendments. We hold that this notice gave affected readers "reasonable warning that [their] interest may be affected," *Schadlick*, 108 N.H. at 322, 234 A.2d at 526, and complied with RSA 675:7, II.

■ The plaintiffs next argue that the amendments to the zoning ordinance were invalid because several of the aldermen had conflicts of interest due to their ties to the church and the Catholic faith. We need not reach the merits of this issue because the plaintiffs failed to raise it at any time prior to the aldermen's vote adopting the amendments, even though they knew the facts supporting their claim well before the vote. "Interested parties are entitled to object to any error they perceive in governmental proceedings, but they are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected." *Appeal of Cheney*, 130 N.H. 589, 594, 551 A.2d 164, 167 (1988).

The plaintiffs argue that they should not be penalized for failing to raise the issue prior to the aldermen's vote because a city

ordinance forbade them from doing so. The ordinance they rely on reads:

(a) No member of the board of mayor and aldermen . . . shall vote, participate in deciding, or sit upon the hearing of any question which the board or commission is to decide if that member has a direct personal and pecuniary interest in the outcome which differs from the interest of other citizens.

(b) When uncertainty arises as to the application of paragraph (a) to a board member in particular circumstances, the board shall, upon request of that member or another member of the board, vote on the question of whether that member should be disqualified. Such a vote shall be advisory and nonbinding, and may not be requested by persons other than board members.

MANCHESTER, N.H., CODE OF ORDINANCES § 2–14 (1993).

■ Nothing in this ordinance prevented the plaintiffs from raising their conflict of interest concerns prior to the aldermen's vote on the amendments. The ordinance simply denies the general public the right to force an advisory vote on the issue. *Id.* Any one of the plaintiffs could have voiced their objections to the board of aldermen as a whole or to individual members. Doing so would have given the aldermen an opportunity to correct a possible error in the proceedings before the amendments were adopted. *See Appeal of Cheney,* 130 N.H. at 594, 551 A.2d at 167.

The plaintiffs next argue that one of the amendments to the zoning ordinance conflicts with several of the ordinance's other provisions. The amendment in question allows, as a matter of right, the expansion of churches "and facilities usually connected with a place of worship, including elementary and secondary schools . . . [,] *provided such expansion conforms with all other requirements of this [zoning] ordinance.*" MANCHESTER, N.H., ZONING ORDINANCE art. IV, § 4.03(7), (7)(a) (1996) (emphasis added). By its very terms, this amendment cannot conflict with other provisions of the zoning ordinance. We therefore reject the plaintiffs' argument.

■■ The plaintiffs next argue that the proposed addition to the parish school would violate sections 4.03(8)(b), 4.03(9)(c), 7.01(2), 7.01(3), 8.02, and 8.03 of the zoning ordinance and that the planning board therefore should not have granted site plan approval for its construction. In addressing this argument, we keep in mind that "all statutes upon the same subject-matter are to be considered in

interpreting any one of them." *Appeal of Town of Hampton Falls*, 126 N.H. 805, 809, 498 A.2d 304, 307 (1985) (quotation omitted); *cf. Healey v. Town of New Durham*, 140 N.H. 232, 236, 665 A.2d 360, 365 (1995) (in general, rules of statutory construction apply to interpretation of zoning ordinances). Moreover, "[w]here reasonably possible, statutes should be construed as consistent with each other." *Appeal of Derry Educ. Assoc.*, 138 N.H. 69, 71, 635 A.2d 465, 466 (1993).

We begin with sections 4.03(8)(b) and 4.03(9)(c). Section 4.03(8)(b) allows private elementary or secondary schools in the parish school's zoning district, but only by special exception and subject to the requirements of section 4.03(9). MANCHESTER, N.H., ZONING ORDINANCE art. IV, § 4.03(8)(b). Section 4.03(9)(c) contains a fifty-foot set-back provision.

■ Neither of these provisions apply to the proposed school addition. As noted above, section 4.03(7) allows, as a matter of right, expansion of church schools in the zoning district containing the church's parish school. If section 4.03(8)(b) were read to allow such expansion only by special exception, section 4.03(7) would be rendered meaningless because church schools are, by their nature, private. We do not construe an ordinance as meaningless. *See Appeal of Soucy*, 139 N.H. 110, 116, 649 A.2d 60, 63 (1994). The portion of 4.03(7) relating to church schools must therefore be read as a more specific provision than section 4.03(8)(b), relating to private schools in general. *See In re Robert C.*, 120 N.H. 221, 225, 412 A.2d 1037, 1040 (1980).

■ We next consider sections 7.01(2) and 7.01(3) of the zoning ordinance, relating to off-street parking. Section 7.01(2) requires a community center to have one parking space for each 200 square feet of gross floor area. Section 7.01(3), in contrast, requires a private school to have one space for every 600 square feet of gross floor area. The plaintiffs argue that the proposed addition to the parish school should be treated as a community center for purposes of the off-street parking requirements, rather than a private school. We reject this argument. Even if the school addition could be deemed a community center, the record contains no indication that it would fail to meet the stricter parking requirements for community centers. As the moving parties, the plaintiffs bore the burden of providing this court with a record sufficient to support its arguments. *State v. Woods*, 139 N.H. 399, 403, 654 A.2d 960, 962–63 (1995).

■ Finally, we consider sections 8.02 and 8.03. Section 8.02 provides: "Any increase in volume, area, or extent of a non-

conforming use within the existing structure shall not exceed an aggregate of more than 25 per cent during life of the non-conformity." By its plain terms, this section is inapplicable to the proposed parish school addition because the addition would not involve work within any existing structure. The plaintiffs argue that a memorandum from the city planning department indicates that expansion of a nonconforming use outside an existing structure is also prohibited. Extraneous sources, however, cannot be used to contradict the plain language of a piece of legislation. *See Appeal of Hickey*, 139 N.H. 586, 587, 660 A.2d 1098, 1099 (1995). Moreover, the plaintiffs have not provided us with a copy of this memorandum. *See Woods*, 139 N.H. at 403, 654 A.2d at 962–63.

Section 8.03 of the zoning ordinance reads: "Any non-conforming lot or open space on a lot (yards, setbacks, useable open space) shall not be further reduced so as to be in greater non-conformity." This section is inapplicable to the proposed addition because the lot in question is not a non-conforming lot. The superior court found that the lot is in conformity with the properly amended floor area ratio requirements for the parish school's zoning district. The plaintiffs do not dispute this or allege any other way in which the lot could be deemed non-conforming.

We conclude that the proposed addition violated none of the cited provisions of the zoning ordinance; therefore, we reject the plaintiffs' argument that the planning board erroneously granted site plan approval for the construction of the addition.

*Affirmed.*

THAYER and BRODERICK, JJ., did not sit; the others concurred.